UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

```
GREGORY OWEN THORNTON,            )    NO. CV-02-3025-MWL
                                  )
                                  )    ORDER SETTING
                                  )    TERMS OF
                     Plaintiff,   )    PROTECTIVE ORDER
                                  )
vs.                               )
                                  )
DAVID B. HILL, PATRICK KALEY,     )
KENNETH BERRY, in their public    )
capacities and including their    )
 marital communities; and the     )
CITY OF GOLDENDALE,               )
                                  )
                     Defendants.  )
_____)
```

Privileged materials came into plaintiff's counsel's possession in June of 2003. It is undisputed that plaintiff's counsel reviewed the materials. The documents appear to be original papers. How and by whom such original documents were given to plaintiff is unknown.

In January of 2005, plaintiff's counsel stated his intent to use the privileged materials at trial. Also in January of 2005, defendants' counsel requested return of the materials and that the Court enter a protective order prohibiting further use or dissemination of the privileged information. Plaintiff's counsel refused to return the privileged materials and opposed entry of a protective order.

Defendants moved to disqualify plaintiff's counsel and asked

for a protective order and sanctions on March 7, 2005. On April 15, 2005, the Court heard telephonic argument on the motion.  On April 18, 2005, the Court denied defendants' motion to disqualify plaintiff's counsel but granted defendants' motion for a protective order.  On May 12, 2005, the Court conducted a telephonic hearing to determine the parameters of the protective order. Thereafter, both parties submitted proposed protective orders, which the Court has reviewed and considered.

Accordingly,

**IT IS ORDERED**:

1. For purposes of this Protective Order "privileged materials" include the October 18, 1997 letter from Rocky L. Jackson to the City of Goldendale City Council; the April 21, 1997 Memorandum cover sheet from Larry Bellamy, City Administrator to the Mayor and Council; all pleadings, correspondence, notes, memoranda or other documents that refer to either the October 18, 1997 letter, or to the April 21, 1997 Memorandum.

2. Plaintiff, plaintiff's counsel and any individuals to whom they have disseminated the privileged materials shall return these materials to plaintiff's counsel. Plaintiff's counsel shall take possession of them, including the red-stamped originals and all copies, and deliver them to the Court where such documents shall be kept under seal unless otherwise ordered.

3. Any notes, memoranda, logs, diaries, correspondence or other written, photographic, magnetic, or other form of media containing or referencing the privileged materials, possessed by the plaintiff, his counsel, or his witnesses shall also be delivered to plaintiff's counsel, who will maintain the material as described in subsection 8 of this Order.

4.   Plaintiff and his counsel will not utilize their knowledge of the privileged materials in any way in discovery, in developing case strategy, or in prosecuting plaintiff's case, to gain an advantage that plaintiff would not have had but for receipt and knowledge of the privileged materials.

5.   Plaintiff, his counsel, and his witnesses will not refer to the privileged materials at any point in this litigation. Specifically, no questions, comments, remarks, nor arguments may be posed pertaining to the privileged materials during depositions, through interrogatories, requests for production, requests for admission, or through oral argument or testimony at trial.

6.   Plaintiff, his counsel, his witnesses, and anyone working on their behalf, shall not use the privileged materials in investigations, discovery, pre-trial hearings, trial, or otherwise.

7.   All pleadings previously filed with the Court referring to the privileged materials will be kept under seal. This protective order, however, will be part of the public file.

8.   Plaintiff and his counsel will not disclose or disseminate the privileged materials in any manner, except as authorized by written order of the Court. This order does not prevent plaintiff's counsel from maintaining his file related to this protective order, provided that the file correspondence is kept in a separate file containing a copy of this protective order and clearly labeled "CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON, CAUSE NO. CV-02-3025-MWL."

9.   Nothing in this protective order restricts plaintiff in

1 the prosecution of any grievance he may have filed or may wish to
2 file with the Washington State Bar Association, provided, however,
3 that prosecuting grievances shall not be used as a means of
4 avoiding the intent and purpose of this protective order.

5     10. If at any time plaintiff believes that defendant has
6 waived the privilege, he shall promptly bring the waiver issue
7 before the Court for determination before he makes any use of the
8 privileged material.

9     11.  Any violation of this protective order may result in
10 sanctions and further relief as the Court deems just, including
11 disqualification of plaintiff's counsel.

12                 **DATED** this 7th day of June, 2005.

15                               s/ Michael W. Leavitt

17                               MICHAEL W. LEAVITT
18                               United States Magistrate Judge