UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

GREGORY OWEN THORNTON

        Plaintiff,

   v.

DAVID B. HILL, PATRICK
KALEY, and KENNETH BERRY, in
their public and private
capacities and including
their marital communities;
and THE CITY OF GOLDENDALE,

      Defendants.

NO. CY-02-3025-LRS

ORDER ON MOTIONS

In March of 2002, Gregory Owen Thornton ("Plaintiff"), a retired former Chief of Police of the City of Goldendale, sued the City of Goldendale ("the City"), the Goldendale Police Department, five City police officers, former City mayor Mark Sigfrinius, and City Councilperson/Deputy County Prosecutor Gwendolyn Grundei for alleged violations under 42 U.S.C. § 1983. (Ct. Rec. 1).

On April 4, 2003, the District Court granted Defendant's Motion for Summary Judgment, dismissing all Defendants. (Ct. Rec. 63). Plaintiff appealed, and, on December 20, 2004, the Ninth Circuit Court

ORDER - 1

of Appeals entered judgment affirming in part, reversing in part and remanding the case for further proceedings. (Ct. Rec. 76). The Ninth Circuit determined that the District Court erred by granting summary judgment on the malicious prosecution claim with respect to individual Defendants Kenneth Berry, Patrick Kaley, David Hill and the City. The Ninth Circuit found that there was a genuine issue of material fact as to whether Plaintiff pointed a gun at anyone, whether Officers Kaley and Stone initiated the standoff, whether the standoff was part of a campaign initiated by the Goldendale Police Department and Defendant Hill and whether the alleged malicious prosecution resulted from a policy or custom of the City. The Ninth Circuit affirmed the District Court's summary judgment in favor of Mark Sigfrinius, Larry Mathena, Greg Stone and Gwendolyn Drundei.

Now before the Court are Defendants' motion for partial summary judgment (Ct. Rec. 171), Defendants' two motions to strike (Ct. Rec. 185; Ct. Rec. 193), Plaintiff's motions for an enlargement of time for the filing of responsive pleadings (Ct. Rec. 190) and for an expedited hearing on his motion for an enlargement of time (Ct. Rec. 199), Defendants' motion for court authorization to file additional reply pleadings (Ct. Rec. 202), and Plaintiff's motion to continue the trial date in this matter (Ct. Rec. 192). Both parties have consented to the Magistrate Judge's jurisdiction in this matter. (Ct. Rec. 4). Having reviewed the pleadings and exhibits offered by the parties, and having now heard oral argument from counsel, the Court hereby GRANTS Defendants' motion for partial summary judgment. Plaintiff's motions for an expedited hearing and an extension of time for the filing of

responsive pleadings are GRANTED.  Defendants' Motions to Strike are DENIED.  Defendants' Motion to file additional reply pleadings is GRANTED.  Plaintiff's motion to continue the trial date is GRANTED.

**I.   DEFENDANTS' MOTIONS TO STRIKE**

On February 20, 2006, Plaintiff filed an untimely response to Defendants' January 26, 2006 motion for summary judgment.  (Ct. Rec. 179-181).  Local Rule 7.1(c) indicates that a responsive memorandum shall be served and filed 11 calendar days following service of a motion.  LR 7.1(c).  Defendants filed a motion to strike Plaintiff's response because it was untimely, and on the grounds that it contains hearsay, is speculative, lacks relevancy, lacks foundation, is not made from personal knowledge, contains conclusions of law rather than fact statement, is inadmissible and does not meet the requirements of Federal Rule of Civil Procedure 56(e).  (Ct. Rec. 185).

On February 28, 2006, Plaintiff filed additional affidavits in opposition to Defendants' January 26, 2006 motion for partial summary judgment.  (Ct. Rec. 187-189).  On March 1, 2006, Plaintiff also filed a motion for an enlargement of time for filing response pleadings to Defendants' January 26, 2006 motion for summary judgment.  (Ct. Rec. 190).  On March 3, 2006, Defendants responded with another motion to strike.  (Ct. Rec. 193).  Defendants contend that Plaintiff's February 28, 2006 affidavits were also untimely pursuant to LR 7.1(c), and that portions of the affidavits contain hearsay, are speculative, lack relevancy, lack foundation, are not made from personal knowledge, contain conclusions of law rather than fact statements, are inadmissible and do not meet the requirements of Federal Rule of Civil

ORDER - 3

Procedure 56(e). (Ct. Rec. 193-196). On March 7, 2006, Plaintiff then filed a motion to expedite the hearing on his motion to enlarge the time to file reply pleadings. (Ct. Rec. 199). Plaintiff's motion for an expedited hearing on his motion for an enlargement of time for filing response pleadings (**Ct. Rec. 199**) is **GRANTED**.

The Court finds that good cause exists to grant Plaintiff's March 1, 2006 motion for an enlargement of time for filing response pleadings to Defendants' January 26, 2006 motion for summary judgment. Accordingly, Plaintiff's motion for an extension of time (**Ct. Rec. 190**) is **GRANTED, nunc pro tunc**. Therefore, Plaintiffs' responsive pleadings (Ct. Rec. 179-181; Ct. Rec. 187-189) will not be deemed to be deficient pursuant to LR 7.1.

With regard to Defendants' motions to strike Plaintiff's response pleadings on the basis of violating the rules of evidence, the Court finds that, while Defendants are correct that much of the affidavit testimony provided by Plaintiff contains hearsay, speculation and facts that lack relevancy to the underlying issue of recovery for lost past and future wages, the Court will, in the interest of justice, consider Plaintiff's pleadings and accord information contained in the pleadings the appropriate weight. The Court therefore **DENIES** Defendants' motions to strike (**Ct. Rec. 185; Ct. Rec. 193**).

Since the Court finds herein that Plaintiff's submissions do not create an issue of fact capable of defeating Defendants' motion for partial summary judgment, regarding Plaintiff's claim for lost past and future wages, Defendants are not prejudiced by the denial of their motions to strike.

ORDER - 4

Based on this Court's ruling regarding Plaintiff's response pleadings, the Court further finds that good cause exists for allowing Defendants to submit additional reply pleadings in response to Plaintiff's submissions and in support of their motion for partial summary judgment.  The Court therefore **GRANTS** Defendants' motion to file additional pleadings in reply.  (**Ct. Rec. 202**).

**II.   STATEMENT OF UNDISPUTED FACTS**

The plaintiff is the former Chief of Police of the City of Goldendale.  He was granted disability leave from the City effective April 6, 1993, and, on October 20, 1993, he was found by the Klickitat County Leoff Disability Board to be physically and mentally disabled from performing the position of police chief.

Plaintiff was diagnosed with leukemia in 1993 and was granted a medical retirement from the police department approximately six months after his diagnosis of leukemia.  Plaintiff has been retired from the position of Chief of Police with the City since October of 1993.  Plaintiff has not applied for, nor sought out, any jobs since retiring from employment as the Chief of Police with the City in October of 1993.  Plaintiff has not returned to any form of employment following his medical retirement.

Plaintiff receives a pension based on his medical retirement. Plaintiff became entitled to receive Social Security Disability benefits in July of 1994 and continues to receive those benefits to this day.

///

///

ORDER - 5

Plaintiff's treating psychiatrist, William C. Holliday, M.D., opined that Plaintiff is unfit for duty and totally disabled from work as a police officer since October of 1993.  Dr. Holliday indicated that Plaintiff remains totally and permanently disabled due to a combination of psychiatric and medical conditions and will never recover sufficiently to again become gainfully employed.

**III. STANDARD OF REVIEW**

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"  *Id*.  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322.  "[A] complete failure of proof

///

ORDER - 6

1  concerning an essential element of the nonmoving party's case
2  necessarily renders all other facts immaterial." *Id*.  In such a
3  circumstance, summary judgment should be granted, "so long as whatever
4  is before the district court demonstrates that the standard for entry
5  of summary judgment, as set forth in Rule 56(c), is satisfied." *Id*.
6  at 323.

7       If the moving party meets its initial responsibility, the burden
8  then shifts to the opposing party to establish that a genuine issue as
9  to any material fact actually does exist. *Matsushita Elec. Indus. Co.*
10 *v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  In attempting to
11 establish the existence of this factual dispute, the opposing party
12 may not rely upon the denials of its pleadings, but is required to
13 tender evidence of specific facts in the form of affidavits, and/or
14 admissible discovery material, in support of its contention that the
15 dispute exists.  Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586
16 n.11.  The opposing party must demonstrate that the fact in contention
17 is material, i.e., a fact that might affect the outcome of the suit
18 under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S.
19 242, 248 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors
20 Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the
21 dispute is genuine, i.e., the evidence is such that a reasonable jury
22 could return a verdict for the nonmoving party, *Wool v. Tandem
23 Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

24       In the endeavor to establish the existence of a factual dispute,
25 the opposing party need not establish a material issue of fact
26 ///

28 ORDER - 7

conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  *T.W. Elec. Serv.*, 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"  *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.  Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, *Matsushita*, 475 U.S. at 587 (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam).  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts.  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita*, 475 U.S. at 587 (citation omitted).

///

ORDER - 8

**IV.  DISCUSSION**

In the Complaint's prayer for judgment, Plaintiff seeks relief for lost past and future wages in the amount of $680,000.00.  (Ct. Rec. 1, Complaint, pp. 19-20).  The only issue addressed by Defendants' motion for summary judgment is whether Plaintiff can recover against Defendants on his claim for lost past and future wages.  (Ct. Rec. 172).

Plaintiff claims that because of the retaliations that he suffered post-October 20, 1993, he is now not able to successfully seek gainful employment.  He argues that he is entitled to seek lost past wages from the time between the date when he filed this lawsuit in March, 2002, back three years to March, 1999.  He asserts he is also entitled to seek damages for future wages from the time he filed his lawsuit in March, 2002.  (Ct. Rec. 179).

In his complaint, Plaintiff indicates that he was forced to leave his job due to his health in April of 1993, and then retired in October of 1993 due to health reasons.  (Ct. Rec. 1, Complaint, pp. 5-7).  It is undisputed that Plaintiff was diagnosed with leukemia in 1993 and was granted a medical retirement from the police department in October of 1993.

It is further undisputed that Plaintiff has not applied for any jobs since retiring from employment as the Chief of Police, and has not returned to work following his medical retirement.  It is also undisputed that Plaintiff has not attempted to become re-employed in any capacity since his disability and retirement.  Instead, Plaintiff receives a pension based on his 1993 medical retirement, and Plaintiff

ORDER - 9

began receiving Social Security Disability benefits in July of 1994[1] and continues to receive those benefits to this day.

Plaintiff's treating psychiatrist, William C. Holliday, M.D., opined that Plaintiff is unfit for duty and totally disabled from work as a police officer since October of 1993. Dr. Holliday has also indicated that Plaintiff remains totally and permanently disabled due to a combination of psychiatric and medical conditions and will never recover sufficiently to again become gainfully employed. Although Dr. Holliday states in his affidavit that being found not able to perform the duties of a law enforcement officer did not preclude Plaintiff's opportunity to seek non-law enforcement officer employment, Dr. Holliday also stated in his affidavit that he could not opine as to Plaintiff's physical illnesses, as those ailments were outside of his field of expertise.

Plaintiff has produced no testimony or other evidence to demonstrate that he is currently employable, he has been employable at any time since 1993, he has applied for any jobs, he has been turned down or refused employment, or the cause of his continued unemployment is the conduct of Defendants. The undisputed facts and evidence demonstrate the opposite.

_____

[1]The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Therefore, the Social Security Administration has deemed Plaintiff unable to engage in any substantial gainful activity since at least July of 1994, well before the events alleged in Plaintiff's Complaint.

ORDER - 10

The bottom line is that Plaintiff has presented no evidence that, after being adjudged physically and mentally disabled as a police chief in 1993, he has sought employment, was able to perform other work, or that he would be employed or employable but for the conduct of the Defendants.  There is no material issue of fact that Plaintiff's disability and inability to work predates the alleged conduct of Defendants which is the subject of this lawsuit.  The Court finds that there is no genuine issue for trial with regard to Plaintiff's claim for lost past and future wages and Defendants have thus met their burden as the parties moving for summary judgment. Accordingly, Defendants' motion for summary judgment is granted with respect to Plaintiff's claim for lost past and future wages.

**V.   Plaintiff's Motion to Continue the Trial Date**

On March 2, 2006, Plaintiff moved the Court to reschedule the trial date from May 9, 2006, to the first week of June or as soon thereafter as possible.  (Ct. Rec. 192).  Plaintiff asserts that a critical witness for Plaintiff, Dr. Holliday, would be unavailable during the month of May because Dr. Holliday would be working outside of the continental United States during that month.  (Ct. Rec. 192, p. 2).  Plaintiff additionally asserts that a May trial would restrict Plaintiff's wife's availability to attend to Plaintiff during the trial.  (Ct. Rec. 192, p. 5).  Based on Plaintiff's motion, and considering the Court's schedule, Plaintiff's motion to continue the trial date (**Ct. Rec. 192**) is **GRANTED**.

///

ORDER - 11

The parties have indicated that this jury trial may take up to two full weeks (10 days) to conclude.  Based on the schedules of the Court and the parties to this lawsuit, the trial in this case shall be continued from May 9, 2006, to **October 16, 2006**.  The parties shall meet with the Judge in chambers at **8:30 a.m.** on the day of trial.

All other remaining dates in the January 21, 2005 scheduling order (Ct. Rec. 82) are amended as follows:

The parties shall file and serve their witness and exhibit lists by **August 7, 2006**.

Any objections to the witness and exhibit lists shall be filed and served no later than **August 16, 2006**.

The parties shall file a joint Pretrial Order, prepared in accordance with the format provided in Local Rule 16.1 by **September 1, 2006**.

Trial briefs, all motions in limine, jury instructions and voir dire shall be filed on or before **September 15, 2006**.

A final pretrial conference shall be held telephonically on **September 27, 2006 at 11:00 a.m.** by the parties calling the Court's conference line: (509) 372-1234.

**VI.  CONCLUSION**

Accordingly, based upon the foregoing reasons, Defendants' Motion for Partial Summary Judgment (**Ct. Rec. 171**) is **GRANTED** with respect to Plaintiff's claim for lost past and future wages**.** Defendants' Motions to Strike (**Ct. Rec. 185**; **Ct. Rec. 193**) are **DENIED**. Plaintiff's motion for an expedited hearing on his motion for an enlargement of time for filing response pleadings (**Ct. Rec. 199**) is

ORDER - 12

1  **GRANTED**.  Plaintiff's motion for an extension of time to file a

2  response to Defendants' motion for summary judgment (**Ct. Rec. 190**) is

3  **GRANTED nunc pro tunc**. Defendants' motion for authorization to file

4  additional reply pleadings (**Ct. Rec. 202**) is **GRANTED.**  Plaintiff's

5  motion to continue the trial date (**Ct. Rec. 192**) is **GRANTED**.  The

6  trial in this case is continued from May 9, 2006, to October 16, 2006,

7  and the January 21, 2005 scheduling order is revised according to this

8  order.

9        **IT IS SO ORDERED.**

10       The District Court Executive shall enter judgment accordingly,

11  forward a copy of this order to all parties and adjust the Court's

12  schedule according to this Order.

13

14       DATED this_____9th_____day of March, 2006.

15

16                              S/  Michael W. Leavitt

17                            MICHAEL W. LEAVITT
                        UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28  ORDER - 13