UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GREGORY OWEN THORNTON, ) | |
| ) | |
| Plaintiff, ) | NO. CV-02-3025-MWL |
| ) | |
| v. ) | ORDER ADOPTING STIPULATION FOR |
| ) | PROTECTIVE ORDER PURSUANT TO |
| DAVID B. HILL, et al., ) | FED. R. CIV. P. 29 |
| ) | |
| Defendants. ) | |
| _____) | |

On April 21, 2006, Plaintiff, by and through his attorney of record, George A. Kolin, and Defendants, by and through their attorneys of record, G. Scott Beyer and Kirk A. Ehlis, agreed and stipulated, pursuant to FRCP 29, to a protective order regarding certain "Protected Documents." The stipulation was filed on April 24, 2006. (Ct. Rec. 210).

Good cause appearing, IT IS HEREBY ORDERED:

1. Plaintiff's attorney and Plaintiff will not disclose or share any part of the "Protected Documents" described below or any information gleaned from said documents with any person, except as expressly provided herein.

2. The Protected Documents covered by the Stipulation and this Order of the court are described as follows:

ORDER - 1

      a.   Income tax returns since 2003, as filed by Defendants Kaley, Berry, and Hill and their marital estates, and as disclosed by said Defendants to Plaintiff;

      b.   Any itemized list of assets and net worth portfolio for Defendants Kaley, Berry and Hill and their marital estates, and any and all financial statements, statement of assets and liabilities and the like, and as disclosed by said Defendants to Plaintiff;

      c.   All personnel records for Kenneth Berry and Patrick Kaley, as relates to their employment at the Goldendale Police Department, and as disclosed by said Defendants to Plaintiff;

      d.   All pre-employment mental evaluations of David Hill, Kenneth Berry, and Patrick Kaley, as relates to their employment with the Goldendale Police Department, and as disclosed by said Defendants to Plaintiff;

      e.   All pre-employment non-mental evaluations of David Hill, Kenneth Berry, and Patrick Kaley as relates to their employment with the Goldendale Police Department, and as disclosed by said Defendants to Plaintiff; and

      f.   All pre-employment polygraph examinations of David Hill, Kenneth Berry, and Patrick Kaley, that were performed with relation to their employment with the Goldendale Police Department, and as disclosed by said Defendants to Plaintiff.

3.    Plaintiff's attorney agrees that prior to any disclosure of Protected Documents as described in the Stipulation and this Order, he will obtain from each proposed recipient of the Protected Documents their signature on a copy of this Order that states that the recipient has received a copy of this Protective

ORDER - 2

Order regarding the Protected Documents and agrees to be bound by this Order. By signing a copy of the Protective Order the recipient agrees that he has read the order, represents that he or she is a person permitted to have access to information from the Protected Documents and agrees that he or she will make no further disclosure of the information received, will personally protect the confidentiality of all copies and will either return them to Plaintiff's attorney at the conclusion of this case, or will at that time personally destroy them and upon request from Defendants will provide a sworn affidavit that he or she has done so.

    4. Subject to the terms of the Stipulation and this Order, Plaintiff's attorney may allow inspection of Protected Documents or discuss the contents of Protected Documents or information therefrom with the following categories of persons and no other:

        a. The attorney and members of the legal and support staff of Plaintiff's office;

        b. Experts, consultants or investigators retained by Plaintiff's attorney to assist in evaluation, preparation or testimony in this case;

        c. Any court personnel, court reporter, mediator, judge and or jury in this case;

        d. Any party or their designated representatives;

        e. Any actual or potential witness who it is believed will give relevant testimony regarding the confidential materials;

        f. Any person testifying at a deposition who is believed will give relevant testimony regarding the confidential materials; and

///

ORDER - 3

1        g.   Any person identified as having authored or
2 previously received the material.
3    5.   If it becomes necessary for Plaintiff to submit a
4 Protected Document to the court, it shall be placed in a sealed
5 envelope plainly marked in red ink as follows: "CONFIDENTIAL
6 DOCUMENT" pursuant to Case No. CV-02-3025-MWL.  This notation will
7 also be on the face of each Protected Document in red ink.
8    6.   The Plaintiff's attorney agrees to use the Protected
9 Documents or information obtained from them only for the purpose
10 of prosecuting this litigation.
11    7.   At the time of exchange of exhibit lists, the Plaintiff
12 shall list in the exhibit list for his case in chief any Protected
13 Document by designating "PROTECTED DOCUMENT" in capital letters.
14 The Defendants may make the appropriate motion for the handling of
15 the document at trial.
16    8.   Nothing in this Protective Order shall limit any
17 producing party's use of its own documents or shall prevent any
18 producing party from disclosing its confidential information to
19 any person.
20    9.   The court retains jurisdiction to make any amendments,
21 modifications or additions to this Protective Order as it deems
22 appropriate.
23    10.  The parties, by stipulation, may add additional
24 documents to be covered by the Stipulation and this Order signed
25 by the court.
26 ///
27 ///
28 ///

ORDER - 4

1 | **IT IS SO ORDERED**. The District Court Executive is hereby
2 | directed to enter this Order and to furnish copies to the parties.
3 |
4 | DATED this 4<u>th</u> day of May, 2006.
5 |
6 |                                        S/ Michael W. Leavitt
                                           MICHAEL W. LEAVITT
7 |                              UNITED STATES MAGISTRATE JUDGE

ORDER - 5