UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

GREGORY OWEN THORNTON,           )   No. CV-02-3025-MWL
                                 )
          Plaintiff,             )   ORDER DENYING PLAINTIFF'S
                                 )   MOTION FOR A NEW TRIAL
     v.                          )
                                 )
DAVID B. HILL, et al.,           )
                                 )
          Defendants.            )
                                 )

     This Court held a jury trial in the above captioned matter
commencing on October 17th, 2006, and ending on October 27th, 2006.
(Ct. Rec. 300, 311).  Plaintiff was represented by George A.
Kolin, Defendants were represented by G. Scott Beyer and Kirk A.
Ehlis.  On October 27, 2006, the jury rendered its verdict
in favor of Defendants David B. Hill, Patrick Kaley and Kenneth
Berry in their public capacities and including their marital
communities, and the City of Goldendale.  (Ct. Rec. 315).  The
civil action was dismissed on its merits, and Plaintiff was
awarded nothing.  (Ct. Rec. 315).

     On November 6, 2006, Plaintiff filed a motion for a new
trial.  (Ct. Rec. 318).  Defendants filed a response in opposition
on November 16, 2006.  (Ct. Rec. 323).

ORDER - 1

Fed. R. Civ. P. 59 addresses the right to a new trial.  "A new trial may be granted to all or any of the parties and on all or part of the issues [] in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States . . . ."  Fed. R. Civ. P. 59(a).  The trial court may grant a new trial if "the verdict is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial court, a miscarriage of justice."  *Oltz v. St. Peter's Community Hosp.*, 861 F.2d 1440, 1452 (9th Cir. 1988).

**Plaintiff's arguments:**

Plaintiff essentially outlines six arguments for his contention that the Court should grant a new trial:  1) Plaintiff was prevented from publishing the 1990 Report to the jury; 2) Plaintiff was prevented from presenting evidence regarding Defendant Hill's 2006 discipline for sexual harassment; 3) Plaintiff was not allowed to present evidence regarding a deputy sheriff's interaction with Jim Taylor and Defendant Hill's connection to this interaction; 4) Plaintiff was prevented from presenting evidence of the Order of Payment of Attorney Fees and Costs from Plaintiff's criminal case; 5) Plaintiff was not allowed to state that he was found not guilty by reason of lawful self-defense or present the Special Verdict from his criminal case; and 6) Plaintiff was not allowed to introduce evidence that Plaintiff was informed that Defendant Hill and his officers were out to get him.  (Ct. Rec. 319).

///

ORDER - 2

**1.   The 1990 Report**

On October 18, 2005, the Court ruled on an early motion in limine that the verbatim 1990 Report, in its entirety or in excerpts, was inadmissible.  (Ct. Rec. 153).  However, the Court further ordered that the existence of the 1990 Report, the fact that it contained damaging allegations about Defendant Hill's personal and professional behavior, the fact that the allegations were made over 20 years ago and were unsubstantiated, the fact that Plaintiff disseminated the report in the Goldendale Community in 1997, shortly before the confrontation between Plaintiff and the Defendant police officers, and evidence of the effect Plaintiff's dissemination of the 1990 Report had on Defendants was admissible.

The Court ruled that if Plaintiff believed that Defendants "opened the door," he could have sought permission to use the 1990 Report but that he first must bring that matter to the attention of the Court, outside the presence of the jury.

The actual contents of the 1990 Report had absolutely no probative value to Plaintiff's malicious prosecution claim.  The 1990 Report recounts allegations of misconduct by Defendant Hill while he was a police officer in another town several years prior to the 1998 standoff.  The allegations posed danger of unfair prejudice to Defendant Hill and had the potential to confuse and mislead the jury.  *Tennison v. Circus Circus Enterprises*, 244 F.3d. 684, 689 (9th Cir. 2001).  The allegations depict Defendant Hill in an extremely bad light, and in the hands of jurors, could have lead to unfair speculation regarding Defendant Hill's past actions and morality - issues that were not relevant to

ORDER - 3

Plaintiff's malicious prosecution claim. Because of the nature of the allegations against Defendant Hill in the 1990 Report, the jury could have been distracted from the relevant issues in the trial by improper consideration of the graphic, unsubstantiated details in that report. The relevance of the 1990 report was that it contained damaging and embarrassing allegations about defendant Hill and that Hill was angry that Thornton was distributing copies of that report. Those facts were stipulated and presented to the jury as undisputed facts. The contents of the 1990 report were not relevant to Plaintiff's claim of malicious prosecution. The contents of the 1990 Report itself was properly excluded as evidence.

**2. Defendant Hill's 2006 discipline for sexual harassment**

The events giving rise to this lawsuit occurred in 1998. The suspension and resignation of Defendant Hill relate to a time eight years after the events giving rise to this lawsuit, and Plaintiff's claims have nothing to do with sexual harassment, or the suspension or resignation of Mr. Hill. Any reference to David Hill's suspension and resignation in 2006 was completely irrelevant to Plaintiff's malicious prosecution claim and was properly deemed inadmissible by the Court.

As noted, evidence of Mr. Hill's sexual history was not relevant to Plaintiff's claims that his civil rights were violated. However, the Court did not preclude evidence that Plaintiff made comments regarding Mr. Hill's sexual history. In addition, the Court indicated that if the door had been opened and the information was considered relevant to the veracity of the witness, Plaintiff would have been able to introduce such

1  evidence.

2  **3.  Deputy Tim Schneider's interaction with Jim Taylor**

3      The evidence of which Plaintiff complains consists of

4  statements by Jim Taylor, a non party, concerning a disparaging

5  yard sign placed in his yard, and evidence that an off-duty

6  Klickitat County Sheriff's Deputy, also a non-party, pulled his

7  car into Mr. Taylor's yard, shined his lights at Mr. Taylor's

8  home, and made a hand gesture.

9      There is no logical nexus between these alleged events

10 between two non-parties and the events giving rise to this

11 lawsuit.  Evidence related to these events was not relevant to

12 Plaintiff's claim of malicious prosecution against the

13 individually named defendants or the City of Goldendale;

14 therefore, it was thus properly found to be inadmissible by the

15 Court.

16 **4) The Order of Payment of Attorney Fees and Costs**

17      Plaintiff contends that he should have been able to present

18 to the jury evidence of the Order of Payment of Attorney Fees and

19 Costs which forced the State to pay Plaintiff over $42,000.00 for

20 his criminal defense expenses over the February 27, 1998 incident.

21      Plaintiff fails to explain how this evidence would be

22 relevant to his malicious prosecution claim.  The fact that the

23 State was ordered to pay Plaintiff's expenses for his criminal

24 trial is not relevant to the 1998 standoff or the subsequent

25 prosecution for that standoff.  Moreover, as indicated by

26 Defendants, Plaintiff did not make a record at trial or make an

27 offer of poof with respect to the Order of Payment of Attorney

28 Fees and Costs pursuant to Fed. R. Evid. 103.

**5) Special Verdict and Self-Defense**

Plaintiff argues that it was err for the Court to prevent him from presenting evidence that he was found not guilty by reason of lawful self-defense at his criminal trial.  He asserts that "[n]o modern-day Jury is so gullible to believe that a simple 'not guilty' verdict means that the Plaintiff was 'innocent.'"[1] Plaintiff appears to argue that it is incredulous that the Court concluded that the fact that Plaintiff was found "not guilty" is relevant, but the fact that he was found "not guilty by reasons of lawful self-defense" was not relevant.

Plaintiff's counsel quotes Plaintiff's comments made in the courtroom, outside the presence of the jury, as a correct statement which demonstrates that Plaintiff was being tried a second time for the 1998 standoff.  (Ct. Rec. 319, p. 10).  This is simply not true.  Plaintiff's counsel quotes Plaintiff as stating, "how can I defend myself."[2]  The case before this court was not about Plaintiff defending himself, that was the context of his criminal trial.  Plaintiff stated, in open court, that he was not being allowed to face his accusers.  In the context of this case, Plaintiff is the accuser, not the other way around.  It was his burden to demonstrate that he was maliciously prosecuted by the defendants, not to provide a defense for himself.

To prevail on his malicious prosecution claim, Plaintiff had the burden of showing, by a preponderance of the evidence,

---

[1]Yet, Plaintiff's counsel makes the claim that since the jury was told that the trial would last two weeks, the jury must have taken that literally and assumed that they would run afoul of the Court's "allotted time" if they took longer to deliberate.  (Ct. Rec. 319, p. 6).

[2]In actuality, Plaintiff declared that if he was not able to face his accusers, he would leave the courtroom.

ORDER - 6

(1) that the defendants acted with intent to deprive him of constitutional rights, (2) that he was prosecuted with malice, and (3) that he was prosecuted without probable cause. The fact that Plaintiff was deemed "not guilty" is relevant because it lends support to Plaintiff's claim that he was prosecuted without probable cause. Anything beyond the fact that he was found "not guilty" is simply not relevant to his claim of malicious prosecution and was therefore properly not admitted.

Again, Defendants also point out that, at trial, Plaintiff did not make a record of any offer of poof with respect to the Special Verdict Form pursuant to Fed. R. Evid. 103.

**6) Evidence that Plaintiff was informed that Defendant Hill and his officers were out to get him**

The Court determined that testimony about alleged statements made to Plaintiff, Plaintiff's wife and/or other witnesses that the Goldendale Police Department was out to get Mr. Thornton or otherwise harm him must be based on personal first-hand knowledge to be admissible.[3] The Court directed that the witnesses could testify as to their observations (what they heard, saw, observed or had personal knowledge of) if relevant to this case, but any opinion testimony would be excluded as speculative. Accordingly, Plaintiff was not prevented from eliciting testimony from witnesses that was proper under the federal rules of evidence. In

---

[3] Federal Rule of Evidence 701(a) permits non-expert witnesses to offer opinions and to draw inferences so long as they are "limited to those opinions or inferences which are . . . rationally based on the perception of the witness." Fed. R. Evid. 701(a) is "the familiar requirement of first-hand knowledge or observation." Fed. R. Evid. 701 advisory committee's note. This requirement is met when the testimony is based on the personal perception of the witness and does not require any irrational leaps of logic for the witness to render the opinion. *See, Lynch v. City of Boston*, 180 F.3d 1, 16 (1st Cir. 1999).

addition, as pointed out by Defendants, Plaintiff made no offer of proof, under Fed. R. Evid. 103, that any witness opinions or statements regarding whether the Goldendale Police Department was out to get Mr. Thornton or otherwise harm him were based on personal first-hand knowledge.

<u>**CONCLUSION**</u>

Contrary to Plaintiff's assertion in his memorandum in support of his motion for a new trial, the Court was not "shocked when it learned that the Jury already handed down its [verdict]" (Ct. Rec. 319, p. 6), nor was the Court surprised by the ultimate determination made by the jury.[4]  The undersigned finds that the verdict in this matter is not contrary to the clear weight of the evidence, nor is it a miscarriage of justice to allow the verdict to stand.

Based on the foregoing, Plaintiff's motion for a new trial (**Ct. Rec. 318**) is **DENIED**.

**IT IS SO ORDERED.**  The District Court Executive is directed to file this Order and forward a copy to counsel for Plaintiff and Defendants.

DATED this___27<u>th</u>___day of November, 2006.

<u>     s/Michael W. Leavitt     </u>
MICHAEL W. LEAVITT
UNITED STATES MAGISTRATE JUDGE

---

[4]Plaintiff additionally asserts that if his claims "were so frivolous, this Court would have granted [Defendants'] CR 50 motion. . . ." (Ct. Rec. 319, p. 4).  The Court, in fact, seriously considered granting Defendants' Rule 50 motion to some or all defendants but ultimately decided that the case should be submitted to the jury in order to achieve finality.  Nevertheless, the Court did not rule out directing entry of judgment as a matter of law on a renewed request following the jury's verdict in this case.

ORDER - 8